IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Amy Long, n/k/a Davis, individually and on behalf of all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Convergent Outsourcing, Inc., a Washington corporation,  )<br>)<br>Defendant.  ) | No.  1:19-cv-1281<br><br><br><br><u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Amy Long, n/k/a Davis, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transact business here.

**PARTIES**

3. Plaintiff, Amy Long, n/k/a Davis ("Davis"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Harley-Davidson Credit Corp.

4. Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Convergent operates a defaulted debt collection business, and attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, Defendant Convergent was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Convergent is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached at Exhibit A. In fact, Defendant Convergent conducts extensive business in Indiana.

6. Defendant Convergent is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached at Exhibit B. In fact, Defendant Convergent acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. More than 9 years ago, due to financial difficulties, Plaintiff Davis was forced to stop paying some of her debts, which included a debt she allegedly owed to Harley-Davidson Credit Corp., and accordingly, she surrendered the motorcycle secured by that debt back to Harley during 2009.

8. On June 5, 2018, Defendant Convergent sent Ms. Davis a collection letter, attempting to collect the Harley-Davidson Credit Corp. debt. A copy of this letter is attached as Exhibit C.

9. The statute of limitations in the State of Indiana for collecting the defaulted

debt at issue was, pursuant to the Indiana Code four years from the date of the last payment/statement.

10. Nowhere in Defendant's letter, did it disclose that this debt was time-barred. Moreover, the letter failed to disclose that partial payment would restart the statute of limitations, see, attached Exhibit C.

11. Defendant's collection actions constitute material violations of the FDCPA because Convergent failed to disclose that the debt was time-barred. This lack of disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendant could continue to demand payment.

12. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

16. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio

Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), cert. denied, 86 U.S.L.W. 3090 (U.S. Jan. 16, 2018)(No. 17-255); Tatis v. Allied Interstate, 882 F.3d 422, 430 (3rd Cir. 2018); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).  By sending Plaintiff the collection letter (Exhibit C) for a debt that was time-barred, failing to disclose that the debt was time-barred, and failing to disclose that partial payment would restart the statute of limitations, Defendant violated § 1692e of the FDCPA.

17.     Defendant's violations of § 1692e of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20.     Defendant, by attempting to collect a time-barred debt, failing to disclose that the debt was time-barred, and failing to disclose that partial payment would restart the statute of limitations, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21.     Defendant's violations of § 1692f of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

22. Plaintiff Amy Long, n/k/a Davis brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted, time-barred consumer debt, allegedly owed to Harley-Davidson Credit Corp., via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

23. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Davis, in its attempts to collect defaulted consumer debts from other consumers.

24. The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Plaintiff Davis.

25. Plaintiff Davis' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class, as a whole such that declaratory relief is warranted.

27. Plaintiff Davis will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Davis has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Amy Long, n/k/a Davis, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Davis as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's collection practices violate the FDCPA;

4. Enter judgment in favor of Plaintiff Davis and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Amy Long, n/k/a Davis, individually and on behalf of all others similarly situated, demands trial by jury.

                                          Amy Long, n/k/a Davis, individually and
                                          on behalf of all others similarly situated,

                                          By: /s/ David J. Philipps_____
                                          One of Plaintiff's Attorneys

Dated: March 29, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
Sawin, Shea & Steinkamp, LLC
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 255-2600
(317) 255-2905 (FAX)
john@sawinlaw.com